IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 76001-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SALLYEA O. MCCLINTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 5, 2018 |
| | ) | |

BECKER, J. — Sallyea McClinton challenges an order imposing confinement as a sanction for violating conditions of his probation. He argues that the trial court relied on inadmissible hearsay in finding one of the violations proven. The issue is moot because McClinton has already served the term of confinement. The appeal is dismissed.

McClinton was convicted of rape and burglary in 1997. He was released from prison in 2013 and began a term of community custody. This appeal arises from a sentence review hearing held on October 27, 2016, to address allegations that McClinton violated conditions of his community custody. The alleged violations included that McClinton failed to keep his Global Positioning System (GPS) unit charged. The State's only witness, a corrections officer, testified that a different officer informed him that the battery died on McClinton's GPS unit on

July 27, 2016. McClinton did not object to this testimony. The judge determined that three violations had been proven, including "failure to abide by GPS monitoring." The judge imposed 60 days of confinement for each violation.

McClinton appeals the sentence modification order. He contends that the trial court relied on inadmissible hearsay in deciding that the GPS unit lost charge and that this was a manifest constitutional error.

The issue is moot. Because McClinton has already served the term of confinement imposed for this violation, we cannot provide effective relief. State v. McClinton, 186 Wn. App. 826, 829, 347 P.3d 889, review denied, 184 Wn.2d 1004 (2015); State v. Abd-Rahmaan, 154 Wn.2d 280, 291, 111 P.3d 1157 (2005).

McClinton argues that we should nonetheless review the merits of his claim because the issue is likely to recur, yet evade review, "as the appeals process typically takes longer than the time imposed for probation violations." Appellate courts have discretion to decide a moot issue to provide an authoritative determination on an issue that is likely to recur. Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Such a determination is not needed here. The law is clear that hearsay is not admissible in a sentence modification hearing absent good cause. Abd-Rahmaan, 154 Wn.2d at 290.

No. 76001-7-I/3

Dismissed.

_Becker, J._

WE CONCUR:

_Leach, J_    _Dwyer, J._

3